Tompkins, J.,
delivered the opinion of the Court.
Hutchison sued Patrick on a judgment obtained in Kentucky. By leave of the Court the plaintiff- amended his declaration by inserting the word “ said ” before the words “ Garrison Patrick.”' The defendant then filed the pleas of mil tiei record and of payment to the declaration. The plea of payment contained an averment that in the State of Kentucky the plea of payment was good to- a declaration in an action of debt, founded on a judgment. Issue was joined on the first plea, and the plaintiff moved the Court to strike out the second, which was accordingly done. The defendant claimed a continuance on account of the plaintiff’s amending his declaration, and the Court not allowing it, judgment was had at the same term on the first plea, viz: iml tid record. It is assigned for error:
First. That the plea of payment was stricken out.
Second. That the cause was not continued.
*49 Third. That the judgment offered in evidence varied from that declaration.
Fourth. That the record was not duly certified.
Fifth. That it does not appear by the record produced in evidence, that the de~ fendant had notice of the action in Kentucky.
First. It was contended by the defendant in error that the plea was bad, first, because it was no bar to an action oh a judgment, that matter not being regulated by the law of Kentucky; and, second, because the plea presented two facts to be found by the jury. It is our opinion that the two facts constitute only one defence. It becomes then neeessary to inquire whether the plea of payment can, under any circumstances be a good bar to an action of debt on a judgment.
The case of Hampton and.McConnel, decided in the Supreme Court of the United; States, on a writ of error to the Ciieuit Court of the District of South Carolina, in our opinion is in point. In that case McConnel, the defendant in error, declared-against the plaintiff in error in debt, on a judgment of the Supreme Court of the State of New York j to which the defendant below pleaded nil debel, and lhe plaintiff below demurred. The Circuit Court rendered a judgment for lhe plaintiff below,, and thereupon the cause was taken up by writ of error to that Court. The Chief Justice, delivering the opinion of the Court, said this is precisely the ease of Mills. v. Durgee. The doctrine there held was, that the judgment of a State Court should-have the same credit, validity and effect, in every other Court in the United States, which it had in the Slate where it was pronounced. And that whatever pleas would be good to a suit theron in such State, and none others, could be pleaded in any other Court of the United States. The judgment of the Circuit Court was affirmed, the plea of nit debet in such case not good in the State of New York. This decision we regard as a true exposition of the 1st section of the 4th article of the Constitution of the United States, and of the acts of Congress on that subject, and so far obligatory on us. The law of Kentin ky not being judicially known to us, was properly put in issue by the plea, and the Circuit Court of Howard county should have required; the plaintiff to reply to the plea of payment, such as it was.
Second. In. the second assignment of error, we cannot see that the Court has-abused the discretion which the 19th section of the act to regulate proceedings at law has allowed it to exercise. The insertion of the word ‘-'said” before the name' of the plaintiff in error in the declaration, could have been no surprise to him; he' must have been morally certain that he was the person intended' before the declaration was amended.
Third. The assignment is that the judgment offered in evidence varied from that declared on. The judgment offered in evidence is in these words : therefore it is considered by the Court that the plaintiff recover, &c. The declaration alledges that the plaintiff, before the honorable Benjamin Shackleford, by the name and description of B. Shackleford, presiding Judge of the Circuit Court within, &c., by the. consideration and judgment of said- Court, did- recover, &c. By resorting to what the counsel for the plaintiff in error calls the Clerk’s preamble, and to the signature-of the presiding Judge, which we consider a part of the record, we are certain that Benjamin Shackleford was Judge of the Court which rendered the judgment, and also that he was presiding Judge ; and of his being presiding Judge of that Court, his own certificate is good evidence, inasmuch as the act of Congress requires- the presiding Judge to-certify that the person who made out the record was Cleik. The declaration would certainly have been as good had the plaintiff belovv been content *50 to say nothing about the name of the Judge of the Court, and the introduction of it has answered no purpose whatever.
In support of the fourth assignment of error, viz: that th.e record was not duly certified, the plaintiff in error has said nothing, and perceiving no defect in the certificate, we also will pass it over.
The fifth assignment of error is, that the plaintiff in error had no notice of the action in Kentucky. By the Sheriff’s return, it appears that he was taken on the capias, issued on the declaration, and gave bail. This Court conceiving that the' Circuit Court erred in striking out the defendant’s plea of payment, reverse thejudg-' ment of that Court for that cause only, and remand the cause for further proceedings in conformity with this opinion.-